UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT FRANKLIN BRUCE** | : | **CIVIL ACTION NO. 2:13-cv-2779** |
| **VS.** | : | **JUDGE MINALDI** |
| **TERRY TERRELL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is the motion for preliminary injunction [doc. 9] filed *ex parte* by plaintiff Robert Franklin Bruce (hereafter, "plaintiff"). Plaintiff is a prisoner in the custody of the State of Louisiana, and he is housed at Allen Correctional Center (hereafter, "ACC") in Kinder, Louisiana. Plaintiff names various ACC administrators and employees as defendants.

### I. BACKGROUND

Plaintiff is serving a ten-year prison sentence for theft. Doc. 9, p. 1. He was housed at two other facilities before being moved to ACC in October of 2011. *Id.* at 1–2. When plaintiff arrived at ACC he brought eight bags of legal documents and medical records with him. *Id.* at 2. Plaintiff alleges that he was provided the standard two lockers in which to store all of his belongings but, due to the amount of legal documents in his possession, he was provided a third locker. *Id.*

According to plaintiff, the third locker was taken away "about eight months" before the filing of this motion. Doc. 10, p. 1. He claims that this action was in retaliation for filing administrative complaints and writing letters to Louisiana Governor Bobby Jindal. *Id.* He states that after the locker was taken away, he stored the excess documents under his mattress. *Id.*

Plaintiff next claims that after he filed another administrative complaint, he was told that he could no longer store the documents under his mattress. *Id.* at 1–2. Plaintiff further alleges that he was told by a Major Vick (who is not a defendant herein) that he had until November 3, 2013. to remove the documents under his mattress or they would be confiscated. *Id.* Finally, plaintiff claims that his request for a third locker was refused. *Id.*

Plaintiff filed a motion for preliminary injunction on November 4, 2013, one day after his the deadline to remove the documents. Doc. 9. Plaintiff asks this court to order the defendants not to dispose of his legal documents and to provide plaintiff a third locker in which to store them. We note that the allegations of plaintiff's underlying complaint in this suit are unrelated to his claims for injunctive relief.[1]

## II. LAW & ANALYSIS

A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Womens Med. Ctr. of N.W. Houston v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001). An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm. *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

In the instant case, plaintiff failed to show that he is entitled to injunctive relief. First, we note that the request for relief is moot because plaintiff's deadline for removing the documents

---

[1] Plaintiff's complaint seeks damages for inadequate medical care following a fall in the ACC dining area. Doc. 1, pp. 6–8. Plaintiff further complains that he has been denied access to the courts because ACC's law library does not accommodate prisoners with vision problems such as plaintiff. *Id.* at 8–9. Finally, plaintiff seeks damages from exposure to secondhand cigarette smoke. *See* doc. 1 pp. 9–10.

had already passed by the time he filed the motion. The court is unable to prevent a seizure and removal of plaintiff's excess documents that has already taken place. *See, e.g.*, *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d. Cir. 1985) (prisoner's request for injunctive relief from stay in solitary confinement was rendered moot as prisoner had already been released when motion was filed).

Nevertheless, assuming that the documents are still in plaintiff's possession, plaintiff still fails to demonstrate that failure to grant the injunction will result in irreparable injury. Plaintiff does not specify what documents were threatened to be taken from him, whether such documents bear any relation to his underlying claims for relief in this suit, or how the loss of such documents would prejudice his case. In other words, plaintiff does not show how he would suffer irreparable harm in the absence of an injunction. His request for injunctive relief is therefore denied.

Moreover, we consider the decision regarding whether and to what extent inmates are provided lockers to be a matter of internal prison administration. *See Bell v. Wolfish*, 441 U.S. 520 (1979). The court will not interfere with the internal management of prison affairs absent a clear showing that a constitutional violation has taken place. *Id.*; *see also Ruiz v. Estelle*, 679 F.2d 1115, 1145 (5th Cir. 1982), *modified,* 688 F.2d 266 (5th Cir. 1982); *Sampson v. King*, 693 F.2d 566 (5th Cir. 1982). Plaintiff has not shown that the decision not to provide him with an extra locker rose to the level of a constitutional violation.

We note that plaintiff has been granted leave to proceed *in forma pauperis* and therefore his complaint is currently under preliminary review as mandated by 28 U.S.C. § 1915 to determine, prior to service of the complaint on defendants, whether the complaint is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). At present, plaintiff's claims lack the specificity necessary to determine whether plaintiff has a substantial likelihood of success on the merits. Should the court after initial review determine that some amendment to the pleadings may be in order to more clearly set forth a claim for relief, then plaintiff will be advised accordingly.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion for preliminary injunction, [doc. 9], is DENIED.

THUS DONE this 2nd day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE