UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT FRANKLIN BRUCE**             **CIVIL ACTION NO. 13-CV-2779**
    **#397176**

**VERSES**                            **JUDGE MINALDI**

**TERRY TERRELL, ET AL**              **MAGISTRATE KAY**

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Robert Franklin Bruce. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC"). He is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana. Plaintiff names the following as defendants in this matter: GEO Group, Inc.; ACC Medical Director Angela Eason; ACC nurses Granger and Dobbin; ACC Nurse Practitioner Harmon; ACC Warden Terry Terrell; ACC Sgt. McCallon; and ACC Master Sgt. Tina Messner.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **SERVED IN PART,**[1] **AND DISMISSED, IN PART, WITH PREJUDICE.**

### *I. Background*

Plaintiff states that he is legally blind in his left eye, has limited sight in his right eye, suffers from severe glaucoma in both eyes, has high blood pressure, a heart stent, and that he

---

[1] Via a separate Memorandum Order, the undersigned is ordering the service of plaintiff's claims not dismissed herein.

underwent quadruple by-pass surgery in 2011. Doc. 1, p. 8. These health issues form the basis of his claims.

He alleges that on October 2, 2012, he slipped and fell by the scullery window as he was exiting the chow hall and that the floor in that area is always wet because inmates turn in beverage cups and plates there. Doc. 1, p. 6. He allegedly asked to have the problem addressed on many occasions, and, though a short lived effort to place orange cones by the scullery window was apparently made upon filing a grievance, his efforts ultimately came to no avail. Doc. 1, pp. 8, 9.

Following his fall, plaintiff was taken to the infirmary via wheel chair and was examined by defendant Dobbin and another nurse who told him that he had a pulled muscle. Doc. 1, p. 6. Plaintiff was given Motrin and a muscle rub ointment. *Id.* On the night of the fall he contends that he had difficulty getting out of bed, urinating, and had pain in his groin, back, neck, and right leg. *Id*. The following day, plaintiff filled out a sick call request because his testicles were swollen, and the pain in his neck, back, and leg persisted. Doc. 1, pp. 6, 7. He was seen at the infirmary a second time and was again told that he had a pulled muscle. Doc. 1, p. 7. He was not given any information about his neck, back, or leg pain, nor was he given crutches. *Id*. Plaintiff's pain worsened and each time he filled out a sick call/went to the infirmary, he was told by the nurses that there was nothing that they could do for him. *Id*.

Plaintiff states that he was finally seen by a doctor who diagnosed him with a hernia and ordered x-rays for his neck, back, and leg. Doc. 1, pp. 7, 8. Surgery for the hernia was performed but, as of the time of filing, the x-rays had not been given. Doc. 1, p. 8.

Plaintiff also contends that his health has been negatively impacted by exposure to secondhand smoke/environmental tobacco smoke (hereinafter "ETS"). Specifically, he states

that inmates smoke on the tier, in the day room, and on the walks. Doc. 1, p. 9. He also claims that guards smoke on the walks and outside of the tiers. *Id.* In fact, he states that defendants Messiner and McCallon have smoked by him and have blown smoke in his face. Doc. 1, pp. 9, 10.

Plaintiff's final claims arise under the Americans with Disabilities Act (hereinafter "ADA"). He complains that ACC does not provide sight aids in the law library and that disabled inmates are not given the same opportunities as non-disabled inmates to participate in prison programs. Doc. 1, p. 4.

Plaintiff seeks compensatory damages for physical pain and suffering from his fall. Under the ADA, he seeks compensation for the defendants' failure to provide sight aids in the law library or allow disabled inmates the same opportunities as non-disabled inmates to take part in prison programs. Lastly, he seeks injunctive relief asking that we order ACC to stop the smoking of which he has complained; that he be enrolled in various prison programs; and that the defendants refrain from acts of retaliation for filing this suit. Doc. 1, p. 4.

## *II. Law and Analysis*

### 1. *Screening*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998), citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.

*Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to state a claim, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

   2. *Medical Care Claims*

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976).  Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-59 (5th Cir. 2001).  "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to

-5-

serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.

The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall*, 648 F.2d. 268. Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992). Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

In this case the plaintiff's medical care claims fail to establish "deliberate indifference." In fact, plaintiff's complaint is replete with mention of being seen by Nurse Dobbin and other nurses. It is clear that the nursing staff did not refuse to see or treat plaintiff. While it is obvious that he did not agree with their assessment of his physical condition nor the treatment that was provided, such allegations do not constitute deliberate indifference. Furthermore, other than stating that he wrote to defendants Harmon and Eason about his medical condition [doc. 8, p. 11], plaintiff does not allege any actions attributable to Harmon, Eason, or defendant Granger.

The facts do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs. The evidence before the court simply does not support a finding of deliberate indifference, and his claims against them should be dismissed.

### 3. *Supervisory Liability*

In addition, plaintiff has not stated a sustainable claim against GEO Group, Inc. It is clear that GEO is named in its supervisory capacity. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. See *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional violation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff has named GEO as a defendant but has not alleged personal involvement or that it implemented a policy so deficient that it constitutes a deprivation of constitutional rights. As such, plaintiff's claims against GEO in that regard should be dismissed.

### 4. *Secondhand Smoke & ADA Claims*

In order for this court to determine what action to take in this matter the plaintiff's claims concerning exposure to secondhand smoke and the alleged violations under the ADA survive review. Accordingly, the claims concerning secondhand smoke should be served upon defendants Terry Terrell, Tina Messner, and Sgt. McCallon. The claims concerning the ADA should be served upon defendant Terry Terrell.

### *III. Conclusion*

Accordingly,

-7-

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED, IN PART, WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 7th day of October, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE