UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ROBERT FRANKLIN BRUCE :  DOCKET NO.  2:13-cv-2779

VS. :  JUDGE MINALDI

TERRY TERRELL, ET AL :  MAGISTRATE JUDGE KAY

REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by defendants Tina Messer and Selton Manuel (hereinafter "defendants").  Doc. 51.  In their motion defendants contend that plaintiff has failed to exhaust his administrative remedies as to his claims for exposure to secondhand smoke and discrimination under the Americans with Disabilities Act ("ADA"). Defendants seek dismissal of these claims pursuant to Federal Rule of Civil Procedure 56.

For the reasons stated below, it is recommended that the Motion for Summary Judgment be **GRANTED** and plaintiff's claims relating to exposure to secondhand smoke and discrimination under the ADA be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

In his complaint which was filed pursuant to 42 U.S.C. § 1983 plaintiff alleged claims for improper medical care, exposure to second-hand smoke, and ADA violations.[1]  Doc. 1.  Following the initial screening of his complaint this court dismissed with prejudice plaintiff's claims for

---

[1] By Memorandum Orders dated November 4, 2014, the court grated plaintiff's motion to amend his complaint and allowed him to add a condition of confinement claim regarding an alleged long-standing water/ice hazard on the floor of Allen Correctional Center's chow hall which caused him to slip and injure himself. Docs. 16, 17.

improper medical treatment and dismissed his claim against the GEO Group, Inc. as an improperly named defendant. Docs. 13, 23. The court allowed plaintiff's claims of exposure to second-hand smoke and ADA violations to proceed and service was ordered on the defendants. Doc. 14. In their answers to plaintiff's complaint defendants raised the defense of failing to exhaust administrative remedies prior to filing suit. Docs. 33, 36. The motion currently before the court seeks dismissal on this basis.

Defendants recognize that plaintiff did submit Administrative Remedy Procedure ("ARP") No. ACL-2012-697 which he references in his complaint. *See* Doc. 1, p. 3. However, in support of their motion they argue that this grievance only addressed plaintiff's complaint of inadequate medical care following a fall in the dining area at Allen Correctional Center. The inadequate medical care claim, as defendants correctly point out, was dismissed by judgment dated December 17, 2014. Doc. 23. Defendants maintain that plaintiff never filed an ARP on his claims of exposure to second-hand smoke or discrimination under the ADA. Thus, they maintain that these claims must be dismissed in accordance with 42 U.S.C. § 1997e(a).

In his opposition to the motion plaintiff contends that he filed "separate ARP's on the secondhand smoke issue and the failure to provide handicapped inmates with sight aids and separate seating in the chow hall and access to the same programs as inmates without disabilities." Doc. 67, pp. 1-2. Plaintiff, however, has offered no proof of exhaustion of these issues.

Prior to ruling on the pending motion for summary judgment, the court allowed plaintiff the opportunity to submit proof that would tend to rebut defendants' claim that he has failed to exhaust the claims of exposure to secondhand smoke and discrimination under the ADA.[2] As of this date, plaintiff has not submitted any further evidence.

---

[2] On January 20, 2016 the undersigned issued an order giving plaintiff 30 days to submit proof of exhaustion of his claims. Doc. 68.

## II.
## LAW AND ANALYSIS

### A.  Summary Judgment Principles

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).  The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial.  *Tubacex, Inc., v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995).  The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden.  *Id.*

Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of fact or law.  *Celotex Corp.,* 477 U.S. at 324.  There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.  *Matsushita elec. Indus. Co. v. Zenith Radio Corp.*  475 U.S. 574, 587 (1986).  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.  *Id.*

### B.  Exhaustion Principles

Pursuant to 42 U.S.C. § 1997e, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 126 S.Ct. 2378, 2382–83 (2006). This court must dismiss all claims if administrative remedies are not exhausted. *Gonzales v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012).

Here, attached to defendants' motion for summary judgment is an affidavit of Ed Shirley, Director of Administrative Services at Allen Correctional Center, who is responsible for overseeing the prisoners' administrative remedy process. Doc. 51, att. 3. In his affidavit he indicates that he has reviewed ARP No. ACL-2012-697 and he attaches copies of the documents associated with that grievance and the responses thereto. Mr. Shirley states, and the documents clearly show, that ARP No. ACL-2012-697 relates solely to plaintiff's complaints stemming from injuries he allegedly sustained from a fall in the dining area at Allen Correctional Center and his associated complaints of inadequate medical care. This evidence shows that the ARP does not address plaintiff's claims for exposure to secondhand smoke or discrimination under the ADA.

Plaintiff has failed to demonstrate by way of affidavit or other admissible evidence that these claims have been exhausted. Accordingly, plaintiff cannot establish that he is entitled to the relief he seeks and summary judgment is appropriate.

### III.
### RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that the defendants' Motion for Summary Judgment [doc. 51] be **GRANTED** and plaintiff's claims relating to exposure to secondhand smoke and discrimination under the ADA be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 26th day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE