UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT FRANKLIN BRUCE** : **DOCKET NO. 13-cv-2779**
   **DOC # 397176**    **SECTION P**

**VERSUS** : **JUDGE MINALDI**

**TERRY TERRELL ET AL.** : **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 72] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant Selton Manuel ("Manuel") in response to the *pro se* civil rights complaint [docs. 1, 15] brought by plaintiff Robert Franklin Bruce ("Bruce"). For the following reasons, **IT IS RECOMMENDED** that the Motion [doc. 72] be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

While incarcerated at the Allen Correctional Center ("ACC"), Bruce allegedly slipped in liquid that had accumulated on the floor of the dining hall. Doc. 1, p. 6. In his complaint and amended complaint he raised claims against several defendants, relating to the slip and the medical care he received thereafter as well as his alleged exposure to secondhand smoke at ACC and the prison's failure to accommodate his poor eyesight and injuries. *Id.* at 6–10; doc. 15, pp. 1–5.

Through this court's initial review of his complaint [doc. 13] and the defendants' first Motion for Summary Judgment [doc. 51], all claims were dismissed with the exception of one.

Doc. 23; doc. 70. In that claim Bruce alleges liability on the part of Manuel, who is director of food services at ACC, for maintaining an unsafe condition through the alleged accumulation of liquid in the dining hall. Doc. 15, p. 5; *see* doc. 72, att. 3, p. 1. Manuel now moves for summary judgment on that claim. Doc. 72. Bruce has filed no opposition to the motion and his time for doing so has passed. However, he does include refutations to Manuel's affidavit in a recently filed document styled as a traverse to this court's Report and Recommendation on the prior Motion for Summary Judgment. *See* doc. 74. Because of his *pro se* status, we will consider the objections in that filing as his response in opposition to the instant motion.

## II.
### LEGAL STANDARDS

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 477 U.S. at 324. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to

the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Id.*

### III.
#### ANALYSIS

Bruce brings this suit under 42 U.S.C. § 1983. Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

To state a constitutional claim based on prison conditions, "a plaintiff must show a sufficiently serious deprivation and . . . that the relevant official or officials acted with deliberate indifference to inmate health or safety." *Bruce v. Little*, 568 Fed. App'x 283, 285 (5th Cir. 2014) (unpublished) (citing *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)). "In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998) (emphasis and internal quotations omitted).

Furthermore, supervisors cannot be held responsible for the actions of their subordinates on a theory of vicarious liability under § 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Instead, supervisors may only be held liable upon a showing that they were personally

involved in the alleged violation or that "a sufficient causal connection" exists between the supervisor's conduct and the violation. *Id.* at 304. The latter can be established through a showing that the supervisor implemented a policy deficient enough to act as a "repudiation of constitutional rights" and serve as "the moving force of the constitutional violation." *Id.* (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)).

Here the condition giving rise to Bruce's claim was the alleged accumulation of liquids under the area where inmates returned their food trays, without any orange cones or other markers to warn the inmates of the hazard. Doc. 15, p. 5. Bruce alleges that ACC officials knew of this problem and that there were "numerous slip and falls in the chow hall" as a result of their failure to take action. *Id.* However, Manuel avers that he had no knowledge of the alleged hazard at the time of Bruce's injury and that Bruce's alleged fall was the only such incident in that area of which he was aware. Doc. 72, att. 3, p. 2.

He also provides his unit's policy on spills:

> At the times meals are being served, inmate workers are assigned to clean the floors in all areas of the dining rooms at ACC. If spills or other accumulations of liquids occur, instructions are given to all employees, including inmate workers, assigned to dining areas to immediately tend to, and clean, any such spills.

*Id.* Meanwhile, Bruce alleges that the hazard based on the volume of inmates served by the dining hall relative to the amount of disposal space available. Doc. 74, p. 1. He asserts that Manuel knew of this condition and has done nothing to remedy it. *Id*. He also contends that Manuel "failed to put in place rules and properly oversee" clean-up of the disposal area. *Id.* at 1–2. However, he provides no backing for these assertions beyond his own self-serving and conclusory statements.

We assume for the sake of argument that the food disposal area was a sufficiently serious hazard to implicate a constitutional violation. Manuel declares that he had no role in creating the

liquid accumulation and no knowledge of the facts necessary to draw an inference that such conditions existed at any time up until Bruce's alleged fall. Bruce provides nothing to rebut these statements, as he still fails to demonstrate that Manuel was aware of the condition. Thus there is no basis for liability through Manuel's personal involvement in the alleged unsafe condition. Additionally, the policy cited above provides no basis for holding Manuel liable for any role his subordinates might have played in the alleged hazard. Accordingly, no genuine issue of material fact exists as to this claim and Manuel is entitled to judgment as a matter of law.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 72] be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 22 August 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE